**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY MEIER, | No. 10-35018 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-00031-SEH (RKS) |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted November 4, 2010[**]
Portland, Oregon

Before: W. FLETCHER and FISHER, Circuit Judges, and JONES, District Judge.[***]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

Jeffrey Meier appeals the district court's affirmance of the denial of his application for disability insurance benefits under Title II of the Social Security Act. Meier contends that the decision denying benefits was not supported by substantial evidence. Meier argues that the administrative law judge ("ALJ") erred in discounting the opinions of a treating physician and in disregarding evidence of his severe depression, degenerative disc disease, and nerve root impingement. Meier also argues that the ALJ did not provide clear and convincing evidence for finding Meier's testimony not credible and that the ALJ improperly relied on the testimony of the vocational expert.

We review *de novo* the district court's decision upholding the denial of benefits. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). A decision to deny benefits will be set aside only if it is not supported by substantial evidence or if it rests on legal error. *Id.* We reverse and remand.

In his decision to deny Meier's application, the ALJ determined that Meier was not entirely credible and rejected the opinion of one of Meier's doctors, Melchisedek L. Margaris, M.D. The primary basis for discounting the evidence was that Meier engaged in activities that did not support his testimony or the conclusion of Dr. Margaris. This basis was flawed.

First, a large portion of the ALJ's decision recounts Meier's activities in 2002 and 2003. Because Meier suffers from a degenerative condition, Meier's participation in activities several years ago carries less weight than does his more recent activity level.

Furthermore, the activities that Meier has continued to engage in, namely, working at his carwash, running errands, driving his car, and operating a seasonal fireworks stand, are insufficient evidence to reject Meier's testimony and the opinion of Dr. Margaris. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Although it might be reasonable for an ALJ to infer that a claimant's pain is not disabling when the claimant spends a substantial part of his day engaged in pursuits involving the performance of activities that are transferable to a work setting, *id.*, the evidence here does not show that Meier spent a substantial part of his day engaged in any activity that is transferable to the workplace.

Meier testified that he usually spent most of the day lying on the couch and thus was unable to contribute significantly at home. He regularly drove to a carwash, checked on the carwash equipment, counted coins, and hosed down bays, but he did not engage in these activities for a sufficient duration to undermine his

3

claim of disabling pain or Dr. Margaris's conclusions about his functional limitations. Meier's trips to the carwash only required him to drive for 15 minutes each way. He counted coins only for brief periods and was able to take breaks. He brought his fifth wheel to his fireworks stand so he could lie down when necessary. The ALJ also repeatedly noted that Meier told his doctors that he was self-employed and owned his own carwash. Merely owning a carwash, without more, does not conflict with Meier's limitations. None of these activities required Meier to spend a substantial amount of time working, and none are inconsistent with his alleged disability.

Meier did occasionally engage in more strenuous activities such as lifting bags of salt and garbage and shoveling snow, but these activities were not performed consistently and were done, as the ALJ noted, because Meier did not have anyone else to do the work.

Meier's daily activities did not mirror the demands of a full-time job and are insufficient to undermine his claim that he is unable to work. Therefore, the ALJ's decision to discredit Meier's testimony and Dr. Margaris's conclusions was not supported by substantial evidence.

We have discretion whether to remand the case for additional evidence or to award benefits. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). Accepting

4

Meier's testimony and the opinion of Dr. Margaris, it is clear that Meier is unable to work for a full eight-hour day. Because there are no outstanding issues to be resolved that would preclude us from making a disability determination, we reverse and remand for an award of benefits.

**REVERSED and REMANDED.**